## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GUSTAVO MARQUES BEZERRA,** | **Civil Action No. 25-17360 (ZNQ)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM OPINION** |
| **PAMELA BONDI, et al.,** | |
| **Respondents.** | |

**QURAISHI, District Judge**

 This matter comes before the Court on Petitioner Gustavo Marques Bezerra's petition for a writ of habeas corpus. (ECF No. 1.) Following an order to answer, the Government filed a letter response. (ECF No. 4.) For the following reasons, Petitioner's habeas petition is granted, and Petitioner shall be afforded a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days.

 By way of background, Petitioner is a native and citizen of Brazil who entered the United States without being inspected or admitted in October 2021. (ECF No. 1 at 4.) On October 13, 2025, he was arrested and taken into immigration custody, where the Government is detaining him without bond pursuant to its interpretation of 8 U.S.C. § 1225(b)(2) as expressed in the Board of Immigration Appeals decision in *Matter of Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (ECF No. 1 at 4.) Petitioner's removal proceedings are ongoing, and he has filed several applications for relief from removal. (*Id.* at 4-6.) Petitioner contends in his habeas petition that his continued detention without the possibility of a bond hearing is unlawful. (*Id.*)

Since the Government's adoption of its current interpretation of § 1225(b), the courts in this district have unanimously found that the plain text of that statute does not apply to aliens who were taken into custody after entering and remaining in the United States for an extended period without inspection or apprehension. *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447 (D.N.J. Nov. 21, 2025); *Bethancourt Soto v. Soto*, --- F.3d ---, ---, 2025 WL 2976572, at *6-7 (D.N.J. Oct. 22, 2025) (collecting cases). As this Court explained in *Valerio*, the Government instead has authority to detain such aliens, including Petitioner, only pursuant to 8 U.S.C. § 1226(a), under which detainees are entitled to a bond hearing in which they can secure release by showing by a preponderance of the evidence that they are neither a danger nor a flight risk. *Valerio*, 2025 WL 3251445 at *3-4; *Aguilar Ramos*, 2025 WL 3251447 at *1; *See also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). As the Government admits in its letter response that this matter is indistinguishable from the facts this Court considered in reaching its conclusion in *Valerio*, (*see* ECF No. 4 at 1-2), and as Petitioner is clearly not subject to detention under § 1225(b), this Court finds that his detention instead arises under § 1226(a) and that he is entitled to a bond hearing in accordance with the statute.

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall provide Petitioner with a statutorily proper bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within seven days. An order consistent with this Memorandum Opinion will be entered.

Date: December 19, 2025

_s/ Zahid N. Quraishi_
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
